**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RP GOLDEN STATE MANAGEMENT, LLC; ASHA DESAI; and PAUL DESAI,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN H. BOYLE, et al.,<br><br>Defendants. | Case No.: 1:20-cv-1479 NONE JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY THE FILING FEE PURSUANT TO  28 U.S.C. § 1915(a) AND FAILURE TO OBEY THE COURT'S ORDER |

Plaintiffs commenced this action by filing a complaint on October 13, 2020. However, Plaintiffs failed to pay the filing fee or obey the Court's orders.  Thus, as set forth below, the Court recommends the action be **DISMISSED** without prejudice.

**I.     Procedural History**

Plaintiffs failed to pay the filing fee when this action was initiated.  On October 21, 2020, the Court issued an order directing Plaintiffs to pay the filing fee or file a motion to proceed *in forma pauperis* within twenty-one days of the date of service. (Doc. 2)  Accordingly, Plaintiffs were to respond to the order no later than November 16, 2020. (*See id.* at 2) In addition, the order notified Plaintiffs that "[f]ailure to comply with this order may result in dismissal of this action pursuant to Local Rule 110." *Id.* at 2 (emphasis in original).  Nevertheless, Plaintiffs failed to comply with or otherwise respond to the Court's order.

On November 18, 2020, the Court issued an order to show cause to Plaintiffs, directing

1

Plaintiffs to show cause why the action should not be dismissed for their failure to pay the filing fee and failure to respond to the Court's order. (Doc. 3) Again, Plaintiffs were advised that the Court may dismiss an action for failure to respond to an order of the Court. (*Id.* at 2) To date, Plaintiffs have failed to respond to the Court's order.

## II.     Failure to Pay the Filing Fee

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C § 1915(a). *See Andrews v. Cervantes*, 492 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez*, 169 F.3d at 1177. As noted above, Plaintiffs did not pay the filing fee, and the action may not proceed.

## III.    Failure to obey the Court's Order

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986); *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

The public's interest in expeditiously resolving this litigation and the Court's interest in

managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Plaintiffs' failure to comply with the Court's orders and failure to prosecute in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (explaining a plaintiff has the burden "to move toward... disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").

The risk of prejudice also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Finally, the Court warned Plaintiffs the action could not proceed without payment of fees. (Doc. 2 at 1; Doc. 3 at 1-2)  In addition, Plaintiffs were informed: "<u>Failure to comply with this order may result in dismissal of this action pursuant to Local Rule 110</u>."  (Doc. 2 at 2, emphasis in original) Again in the order to show cause, Plaintiffs were warned that the Court "may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules."  (Doc. 3 at 2) These warnings satisfy the requirement that the Court consider less drastic measures. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Indeed, the Court need only warn a party once that the matter would be dismissed for failure to comply to satisfy the requirements of Rule 41. *Id.; see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982) (identifying a "warning" as an alternative sanction)  As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133. Consequently, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

**IV.     Findings and Recommendations**

Plaintiffs have failed to file the requisite filing fee pursuant to 28 U.S.C. § 1914(a), and as a result, the matter cannot proceed before the Court at this time.  Further, Plaintiffs failed to obey the Court's Orders dated October 21, 2020 (Doc. 2) and November 18, 2020 (Doc. 3). Accordingly, the

Court **RECOMMENDS**:

1. This action be **DISMISSED** without prejudice for Plaintiffs' failure to pay the filing fee and obey the Court's order; and

2. The Clerk of Court be DIRECTED to close this action, because this order terminates the action in its entirety.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these Findings and Recommendations, Plaintiffs may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **December 8, 2020**              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE